# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES S. PURSELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4484** |
| **N. BURL CAIN** | **SECTION "N"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. <u>See</u> 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

# I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Charles S. Pursell, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On March 8, 2002, Pursell was charged by bill of information in St. Tammany Parish with molestation of a juvenile.[3]  The Louisiana First Circuit Court of Appeal summarized the facts of the case in relevant part as follows:

> The defendant inappropriately touched the victim, his nephew, age nine at the time, by placing his (the defendant's) hand on the victim's penis over the victim's clothing.  According to the victim's trial testimony, this occurred three or four times during a time period in which the defendant lived with the victim and his family. Only the victim and the defendant were present in the home at the time of the abuse.
> In November of 2001, after watching a sexual abuse film, the victim reported the abuse to his teacher and his counselor at school. An investigation by the Office of Community Services (OCS) and the St. Tammany Parish Sheriff's Office led to the defendant's arrest.

(footnotes omitted) <u>State v. Pursell</u>, 936 So.2d 886 (La. App. 1st Cir. 2006) (Table); State Record Volume 3 of 4, First Circuit Opinion, 2006-KA-0233, pages 3-4, September 15, 2006.

Pursell was tried before a jury on November 17 and 18, 2003, and he was found guilty as charged.[4]  The state trial court sentenced Pursell on January 7, 2004, to serve

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 3/8/02.

[4]St. Rec. Vol. 1 of 4, Trial Minutes, 11/17/03; Trial Minutes, 11/18/03; Jury Verdict, 11/18/03; St. Rec. Vol. 1 of 4, Trial Transcript, 11/17/03; St. Rec. Vol. 2 of 4, Trial Transcript (continued), 11/17/03; Trial Transcript, 11/18/03.

15 years in the custody of the Louisiana Department of Corrections.[5]  The State also filed a multiple offender bill.[6]

On January 9, 2004, Pursell filed motions to reconsider the sentence, for a new trial, and for post-verdict judgment of acquittal.[7]  At a hearing held on February 19, 2004, the state trial court found Pursell to be a fourth felony offender and resentenced him to serve life in prison without benefit of parole, probation, or suspension of sentence.[8]  The court thereafter denied the motion to reconsider the sentence and the motion for a new trial.[9]

On direct appeal, Pursell's appointed counsel raised three grounds for relief:[10] (1) The sentence was illegal. (2) He was sentenced to life for exercising his right to a trial.

---

[5]St. Rec. Vol. 1 of 4, Sentencing Minutes, 1/7/04; St. Rec. Vol. 2 of 4, Sentencing Transcript, 1/7/04.

[6]St. Rec. Vol. 1 of 4, Multiple Bill, 12/15/03.

[7]St. Rec. Vol. 1 of 4, Motion to Reconsider Sentence, 1/9/04; Motion for New Trial, 1/9/04; Motion for Post-Verdict Judgment of Acquittal, 1/9/04.

[8]St. Rec. Vol. 1 of 4, Multiple Offender Hearing Minutes, 2/19/04; St. Rec. Vol. 2 of 4, Sentencing Transcript, 2/19/04.   Although the minute entry indicates that the motion for post-verdict judgment of acquittal was denied, the transcript specifies only the motion to reconsider and the motion for new trial.

[9]Id.; St. Rec. Vol. 2 of 4, Sentencing Transcript, p. 13, 2/19/04.

[10]St. Rec. Vol. 4 of 4, Appeal Brief, 2004-KA-1775, 12/1/04.

(3) The sentence was excessive.  On May 6, 2005, the Louisiana First Circuit affirmed Pursell's conviction.[11]

While conducting its errors patent review, however, the court found that the state trial court erred in failing to rule on Pursell's motions to reconsider sentence and for new trial at least 24 hours prior to the multiple offender sentencing without a waiver and in failing to rule on the motion for post-verdict judgment of acquittal.  The court vacated the multiple offender adjudication and sentence and remanded for new proceedings on the multiple offender bill and for a ruling on the motion for post-verdict judgment of acquittal.

On June 15, 2005, the state trial court held a hearing pursuant to the remand order.[12]  The court again denied the motion to reconsider sentence and the motion for new trial filed on January 9, 2004, without mention in the transcript or the minute entry of the motion for post-verdict judgment of acquittal.[13]

The state trial court eventually held a hearing on the multiple offender bill on November 3, 2005.[14]  Before entering its ruling, the court and counsel discussed

---

[11]State v. Pursell, 915 So.2d 871 (La. App. 1st Cir. 2005); St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2006-KA-0233, 9/15/06.

[12]St. Rec. Vol. 1 of 4, Minute Entry, 6/15/05; St. Rec. Vol. 2 of 4, Hearing Transcript, 6/15/05.

[13]St. Rec. Vol. 2 of 4, Hearing Transcript, p. 2, 6/15/05; see also, Trial Court Order,

[14]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 11/3/05; St. Rec. Vol. 2 of 4, Sentencing Transcript, 11/3/05.

clarification of the record to reflect that the court intended to deny the motion for post-verdict judgment of acquittal in its ruling on the other motions on June 15, 2005.[15]  The court then found Pursell to be a fifth felony offender and sentenced him as a multiple offender to serve life in prison without benefit of probation or suspension of sentence pursuant to state law.[16]  The court later denied Pursell's motion to reconsider or amend that sentence.[17]

On direct appeal, Pursell's appointed counsel raised four grounds for relief:[18] (1) The trial court failed to provide written reasons for the multiple offender findings. (2) The trial court failed to rule on the motion for post-verdict judgment of acquittal and/or failed to wait the required 24-hour period before sentencing. (3) He was given a life sentence for exercising his right to trial. (4) The sentence was excessive.

On September 15, 2006, the Louisiana First Circuit affirmed Pursell's multiple offender adjudication and sentence.[19]  The court held that the trial court's failure to provide written reasons and failure to wait the 24-hour period were both harmless error.

---

[15]St. Rec. Vol. 2 of 4, Sentencing Transcript, pp. 16-17, 11/3/05.

[16]Id., p. 23.

[17]St. Rec. Vol. 2 of 4, Motion to Reconsider or Amend Sentence, 11/9/05; Trial Court Order 11/15/05.

[18]St. Rec. Vol. 4 of 4, Appeal Brief, 2006-KA-0233, 3/13/06.

[19]State v. Pursell, 936 So.2d at 886 (Table); St. Rec. Vol. 3 of 4, 1st Cir. Opinion, 2006-KA-0233, 9/15/06.

The court found the third and fourth grounds to be without merit. In addition, the court determined in its errors patent review that the sentence should have been imposed without benefit of parole and not just without benefit of probation and suspension of sentence. However, the court resolved that no corrective action was necessary because the state statute on that issue was "self-activating."

On May 15, 2007, the Louisiana Supreme Court denied without reasons Pursell's subsequent writ application raising the same claims.[20] Pursell's conviction became final 90 days later, on August 16, 2007, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

During the 90-day period, on August 6, 2007, Pursell submitted an application for post-conviction relief to the state trial court raising five grounds for relief:[21] (1) Counsel provided ineffective assistance when he failed to investigate, raise and assert the defense of mental retardation. (2) The verdict was rendered without proof of guilt beyond a

---

[20]State v. Pursell, 957 So.2d 150 (La. 2007); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2006-KO-2619, 5/18/07; St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 06-KO-2619, 10/31/06 (postal metered 10/10/06).

[21]St. Rec. Vol. 3 of 4, Application for Post-Conviction Relief, 8/10/07 (signed 8/6/07).

reasonable doubt and the state trial court erred in denying the motion for new trial. (3) Counsel provided ineffective assistance of counsel when he failed to object to the admission of the testimony of his niece at trial concerning an unrelated incident. (4) The trial court violated his right to a fair trial and due process by allowing the niece's testimony to be admitted at trial. (5) The trial court violated due process by finding Pursell to be a fifth felony offender without sufficient evidence. The state trial court, on October 19, 2007, denied the application as meritless, without providing specific reasons.[22]

Pursell filed a writ application with the Louisiana First Circuit on December 3, 2007.[23] The court denied the application on March 5, 2008.[24] The court found that the fifth claim concerning the multiple bill proceedings was inappropriate for post-conviction review pursuant to La. Code Crim. P. art. 930.3.[25] The court denied the remainder of the application, noting that Pursell had failed to provide the requisite portions of the record to support the application, citing La. App. Rules 2-18.7 and 4-9. The court allowed

---

[22]St. Rec. Vol. 3 of 4, Trial Court Order, 10/19/07.

[23]The record provided by the State does not contain a copy of this writ application. A member of the Court's staff contacted the office of the clerk of the Louisiana First Circuit to obtain the filing date.

[24]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2007-KW-2488, 3/5/08.

[25]La. Code Crim. P. art. 930.3 indicates that claims of errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief. State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).

Pursell until May 5, 2008 to resubmit the application with the appropriate proof, but the record contains nothing to establish that he complied with that directive.

On August 13, 2008, Pursell submitted a writ application to the Louisiana Supreme Court raising the same five post-conviction claims.[26]  The court denied the application without reasons on May 29, 2009.[27]

## II.    FEDERAL HABEAS PETITION

On July 30, 2009, the clerk of this court filed Pursell's petition for federal habeas corpus relief, in which he raises the following five grounds for relief:[28] (1) Counsel provided ineffective assistance when he failed to investigate, raise and assert the defense of mental retardation. (2) The state trial court erred in refusing to grant the motion for a new trial where the verdict was contrary to the law and evidence.  (3) Counsel provided ineffective assistance of counsel when he failed to object to the admission of the testimony of his niece concerning inadmissible "other crimes" evidence at trial. (4) The trial court violated his right to a fair trial and due process by allowing the niece's

---

[26]The record provided by the State does not contain a copy of this writ application, No. 08-KH-2125.  A member of this court's staff contacted the office of the clerk of the Louisiana Supreme Court to obtain a copy of the contents of that court's record. The copies have been filed separately into this court's record. Rec. Doc. No. 13.

[27]State ex rel. Pursell v. State, 9 So.3d 157 (La. 2009); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2008-KH-2125, 5/29/09.

[28]Rec. Doc. Nos. 1.

testimony to be admitted at trial. (5) The trial court violated due process by findng Pursell to be a fifth felony offender without sufficient evidence.

The State filed an answer and memorandum in opposition to Pursell's petition.[29] The State argues that Pursell's federal petition was not timely filed and, alternatively, that the claims are without merit. Pursell replied to the State's opposition memorandum.[30]

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[31] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Pursell's petition, which, for reasons discussed below, is deemed filed in this federal court on June 26, 2009.[32]

---

[29]Rec. Doc. No. 11.

[30]Rec. Doc. No. 12.

[31]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[32]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State argues that Pursell's petition was not timely filed in this federal court. I find, however, that Pursell's federal petition was timely filed, but that his claims must be dismissed on other grounds.[33]

---

(5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Pursell's petition was filed by the clerk of court on July 30, 2009, when pauper status was granted. Pursell's signature on the petition is dated June 26, 2009. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

[33]The State's statute of limitations analysis fails to give Pursell credit for applicable state and federal mailbox rules and the mailing provision found in La. S. Ct. R. X§5. By my calculation, Pursell allowed less than one month of the one-year AEDPA statute of limitations period to run before presenting his federal petition to this court. I also note that, although Pursell's last state post-conviction writ application was not submitted to the Louisiana Supreme Court until August 13, 2008, and filed on August 28, 2008, it was apparently timely. Under La. S. Ct. Rule X§5, Pursell had 30 days from the First Circuit's denial to file a writ application in, or mail one to, the Louisiana Supreme Court. His application was submitted more than five months after the Louisiana First Circuit's ruling on March 5, 2008, and would normally afford him no tolling benefit. Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008). In his verified petition to the Louisiana Supreme Court, however, Pursell indicates that he was granted an extension of time to file his writ application within 60 days of June 23, 2008. See Writ Application No. 08-KH-2125, p.1, and Writ Application Filing Sheet, Verification (following cover sheet), Rec. Doc. No. 13. The State does not refute this. Affording Pursell the benefit of the doubt, see Jiminez v. Quarterman, __ U.S.__, 129 S. Ct. 681, 686-87 (2009) (where a state court grants a criminal defendant the right to file an out-of-time appeal during state collateral review, his judgment is not yet final for purposes of seeking federal habeas review), this granting by the court of additional time to file the already untimely writ application rendered that application timely and must be credited in his statute of limitations and tolling calculations.

IV.   PROCEDURAL DEFAULT

In this federal petition, Pursell raises one claim challenging his multiple offender proceedings, which he raised for the first time in his state application for post-conviction relief.  On March 5, 2008, the Louisiana First Circuit denied relief on that claim pursuant to La. Code Crim. P. 930.3.  This was the last reasoned decision on this claim by the state courts.  Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

For the following reasons, this claim is procedurally barred and may not be addressed by this court.  The United States Fifth Circuit Court of Appeals has stressed that a federal habeas court must determine as a threshold matter whether procedural default has occurred on any asserted claim.  Nobles, 127 F.3d at 420.  This court has discretion to raise procedural default sua sponte, provided that the petitioner has notice that the issue is being considered.  Fisher v. State, 169 F.3d 295, 301 (5th Cir. 1999); Magouirk v. Phillips, 144 F.3d 348, 358 (5th Cir. 1998).

Accordingly, **petitioner is hereby specifically instructed that this report and recommendation is notice to him that this court is sua sponte raising the issue of procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report**.  Magouirk, 144 F.3d at 348.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991); <u>Glover v. Cain</u>, 128 F.3d 900, 902 (5th Cir. 1997); <u>Amos v. Scott</u>, 61 F.3d 333, 338 (5th Cir. 1995) (citing <u>Harris v. Reed</u>, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. <u>Amos</u>, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. <u>Harris</u>, 489 U.S. at 263; <u>Glover</u>, 128 F.3d at 902. The last reasoned decision of the Louisiana First Circuit relied on La. Code Crim. P. art. 930.3 to dismiss Pursell's post-conviction claim challenging his mulitple offender proceeding.

A.    <u>INDEPENDENT AND ADEQUATE</u>

For the foregoing state law procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate. A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. <u>Amos</u>, 61 F.3d at

12

338.  To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.  Glover, 128 F.3d at 902.

The Louisiana First Circuit relied upon La. Code Crim. P. art. 930.3 to deny relief on Pursell's claims, which clearly indicates that the claims were barred from review because they were not appropriately raised on post-conviction review.  The Louisiana Supreme Court extended the Article 930.3 prohibition to matters arising from multiple offender proceedings and sentences.  State ex rel. Brown v. State, 870 So.2d 976 (La. 2004).  This court has repeatedly held that La. Code Crim. P. art. 930.3 is an independent and adequate state ground for dismissal which bars review by the federal courts in habeas corpus proceedings.  See, e.g., Neal v. Kaylo, No. 01-2211, 2001 WL 1195879 (E.D. La. Oct. 10, 2001) (Duplantier, J.) (Art. 930.3 and State ex rel. Melinie are independent and adequate); Leonard v. Hubert, No. 00-0511, 2001 WL 333123 (E.D. La. Apr. 4, 2001) (Schwartz, J.) (same); Marshall v. Hubert, No. 00-0334, 2000 WL 1059820 (E.D. La. July 31, 2000) (Duval, J.) (same); Ardis v. Cain, No. 99-1862, 1999 WL 997497 (E.D. La. Oct. 29, 1999) (Berrigan, J.) (same).

I find that the bar imposed under La. Code Crim. P. art. 930.3 is independent and adequate to bar review of the merits of Pursell's fifth claim challenging the mulitple offender proceeding.

B.     <u>CAUSE AND PREJUDICE</u>

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice."  <u>Glover</u>, 128 F.3d at 902 (citing <u>Coleman</u>, 501 U.S. at 731-32); <u>Amos</u>, 61 F.3d at 338-39 (citing <u>Harris</u>, 489 U.S. at 262; <u>Engle v. Isaac</u>, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.  <u>Id</u>., at 486.

In this case, Pursell has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana First Circuit.  My review of the record does not support a finding that any factor external to the defense prevented Pursell from raising these claims in a procedurally proper manner.  The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n.43).  Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  Ratcliff v. Estelle, 597 F.2d 474 (5th Cir. 1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Pursell's fifth claim challenging the multiple offender proceedings is therefore procedurally barred from review by this federal habeas corpus court.  See Trest v. Whitley, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), vacated on other grounds, 522 U.S. 87 (1998).[34]

## C.    FUNDAMENTAL MISCARRIAGE OF JUSTICE

Pursell may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.  Hogue, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a

---

[34]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not required to raise the procedural default argument sua sponte. Id.

"colorable showing of factual innocence." Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. Campos v. Johnson, 958 F. Supp. 1180, 1195 (W.D. Tx. 1997) (footnote omitted); Nobles, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. Glover, 128 F.3d at 903.

Pursell does not provide any indication and the record contains nothing that suggests his actual innocence on the underlying conviction. He fails to present any evidence or argument of innocence that was not already presented to and resolved by the jury at trial and the state courts on subsequent review.

For these reasons, Pursell has failed to overcome the procedural bar, and his fifth claim challenging the multiple offender proceedings must be dismissed with prejudice for that reason.

V.     STANDARDS OF A MERITS REVIEW

Amended 28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'"  Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210

F.3d at 485. The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Penry, 532 U.S. at 792-93; Hill, 210 F.3d at 485. "'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S. 685, 699 (2002). Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert. denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

## VI. SUFFICIENCY OF THE EVIDENCE (CLAIM NO. 2)

Pursell claims that his right to a fair trial was violated when the trial court denied his motion for a new trial on grounds that the verdict was contrary to the law and evidence. Specifically, he argues that, under Louisiana law, the evidence was not sufficient to prove specific intent to commit molestation of a juvenile. The motion for a new trial filed by Pursell's counsel was denied without reasons by the state trial court. Pursell first challenged the ruling in his state application for post-conviction relief, which was dismissed by the Louisiana First Circuit. The Louisiana Supreme Court subsequently denied the related writ application without further comment.

Pursell is not entitled to federal relief on this claim. Federal courts have held that a state court's denial of a motion for a new trial does not necessarily constitute a violation of a federal constitutional right. Haygood v. Quarterman, 239 Fed. Appx. 39, 42 (5th Cir. Jun. 14, 2007) (citing Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir.1991)). A federal habeas court does not sit to correct errors made by state courts in interpreting and applying state law. Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir. 1998) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) and Lewis v. Jeffers, 497 U.S. 764, 780 (1990), and citing West v. Johnson, 92 F.3d 1385, 1404 (5th Cir.1996)); accord Turner v. Johnson, 46 F. Supp.2d 655, 674 (S.D. Tex. 1999). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law

questions." Estelle, 502 U.S. at 67-68; see also Molo v. Johnson, 207 F.3d 773, 776 n. 9 (5th Cir. 2000) ("Federal habeas review does not extend to state court conclusions of state law."); Hogue, 131 F.3d at 506 (a disagreement as to state law is not cognizable on federal habeas review). Federal habeas corpus relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law simply will not suffice. 28 U.S.C. § 2254; Engle, 456 U.S. at 119; Prieto v. Quarterman, No. Civ. SA01CA11450G, 2006 WL 4059282, at *5 (W.D. Tex. Dec. 18, 2006), aff'd, No. 07-70001, 2008 WL 4218822 (5th Cir. Sept. 15, 2008).

For Pursell's claim to proceed before this court, he must establish that the denial of his motion for a new trial violated some specific constitutional right. Construing his habeas petition broadly, it appears that Pursell argues that the denial of his motion for a new trial violated due process because the evidence was not sufficient to support a verdict of molestation of a juvenile. He also alleges that it was not sufficient for the state trial court or the jury to base the verdict on circumstantial evidence rather than direct evidence of specific intent, which must be proven beyond a reasonable doubt.

The appropriate federal standard of review for sufficiency of the evidence was pronounced by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307 (1979). Under Jackson, the court must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found the

essential elements of the crime to have been proven beyond a reasonable doubt. Jackson, 443 U.S. at 319; Gilley v. Collins, 968 F.2d 465, 467 (5th Cir. 1992); Guzman v. Lensing, 934 F.2d 80, 82 (5th Cir. 1991). On federal habeas corpus review, this court also must apply the Jackson standard. Gilley, 968 F.2d at 467 (citing Schrader v. Whitley, 904 F.2d 282, 284 (5th Cir. 1990)).

Louisiana law defines molestation of a juvenile in La. Rev. Stat. § 14:81.2(A):

Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

Thus, the prosecution had to prove the following beyond a reasonable doubt: (1) Pursell was over the age of seventeen and was more than two years older than his nephew, who was under the age of 17. (2) Pursell committed a lewd or lascivious act upon, or in the presence of, his nephew. (3) Pursell had the specific intent to arouse or gratify either his nephew's or his own sexual desires. (4) Pursell committed the lewd or lascivious act by use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. See State v. Redfearn, 22 So.3d 1078, 1086-87 (La.

App. 2nd Cir. 2009) (citing State v. Leblanc, 506 So.2d 1197 (La. 1987), and State v. Ellis, 880 So.2d 214 (La. App. 2nd Cir. 2004)).

The phrase "specific intent" is defined by Louisiana law as the state of mind in which the perpetrator "actively desired the prescribed criminal consequences to follow his act or failure to act."  La. Rev. Stat. Ann. § 14:10(1).  Under Louisiana law, intent need not be proven directly but may be inferred from the actions of the defendant and the circumstances surrounding those actions.  State v. Sharlhorne, 554 So.2d 1317, 1321 (La. App. 1st Cir. 1989).  In Louisiana, "[t]he rule as to circumstantial evidence is:  assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."  La. Rev. Stat. § 15:438.[35]  On federal habeas corpus review, however, the court does not apply this state law "reasonable hypothesis" standard, but must apply the federal standard announced in

---

[35]Louisiana's circumstantial evidence rule, "is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test . . . .  Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt."  State v. Porretto, 468 So. 2d 1142, 1146 (La. 1985); accord State v. Williams, 693 So. 2d 204, 208 (La. App. 4th Cir. 1997).  The reasonable hypothesis standard under state law is "just an evidentiary guide for the jury.  If a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails."  State v. Maxie, 614 So. 2d 1318, 1321 (La. App. 3d Cir. 1993); accord State v. Williams, 693 So. 2d at 208.

Jackson in a manner consistent with the AEDPA standard of review set forth above.[36] Gilley, 968 F.2d at 467 (citing Schrader, 904 F.2d at 284).

"A 'lewd or lascivious act,' for purposes of molestation of a juvenile, is one which tends to excite lust and to deprave morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in wanton manner." State v. Redfearn, 22 So.3d at 1087 (citing State v. Holstead, 354 So.2d 493 (La. 1977) and State v. Cloud, 946 So.2d 265 (La. App. 3rd Cir. 2006)).

The testimony at trial established that Pursell's nephew, the victim, was eleven years old at the time of trial in 2003.[37] Pursell was living at his sister's home and was alone with her child, the victim, after school.[38] While Pursell was babysitting the victim after school, he had the authority to place him in "time out" or send him to his room if he did not listen.[39] The victim's testimony and his prior recorded statement established that, on three or four occasions, Pursell touched the boy's private parts with his hand over

---

[36]A claim of insufficient evidence presents a mixed question of law and fact. Maes v. Thomas, 46 F.3d 979, 988 (10th Cir. 1995). Under the AEDPA, the court must determine whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent.

[37]St. Rec. Vol. 2 of 4, Trial Transcript, p. 66 (victim's testimony), 11/18/03.

[38]St. Rec. Vol. 2 of 4, Trial Transcript, p. 52 (testimony of Detective Wanda Jarvis), 11/18/03; Trial Transcript, pp. 68-69 (victim's testimony), 11/18/03; Trial Transcript, p. 93 (testimony of Theresa Lewis, the victim's mother), 11/18/03.

[39]St. Rec. Vol. 2 of 4, Trial Transcript, pp. 97-98 (testimony of Theresa Lewis).

the boy's clothing.[40]  The incidents occurred in his mother's bedroom and on the living

room couch.[41]  The victim was afraid of his uncle and was scared to tell his mother what

happened.[42]

The information before the jury was sufficient to establish that Pursell

inappropriately touched his minor nephew's genital area on more than one occasion

while in a position of authority over the child.  Under the circumstances, the repeated

fondling of the child while they were alone in the bedroom and on the living room couch

was sufficient to establish a specific intent to satisfy indecent sexual desires.

Taken in a light most favorable to the prosecution, this evidence was sufficient for

a reasonable jury to find that each of the factors necessary to prove the crime of

molestation of a juvenile was proven.  The state courts' denial of relief on this claim was

not contrary to, or an unreasonable application of, <u>Jackson</u>.  Pursell is not entitled to

relief on this claim.

VII.    <u>NIECE'S TESTIMONY (CLAIM NO. 4)</u>

Pursell alleges that he was denied a fair trial and due process when the state trial

court allowed the State to introduce testimony of a dissimilar and unreported act of prior

---

[40]St. Rec. Vol. 2 of 4, Trial Transcript, pp. 28-29 (testimony of Amy Striker, forensic interviewer), 11/18/03; Trial Transcript, pp. 69, 73, 81 (victim's testimony), 11/18/03.

[41]St. Rec. Vol. 2 of 4, Trial Transcript, pp. 71, 73-74, 81 (victim's testimony), 11/18/03.

[42]St. Rec. Vol. 2 of 4, Trial Transcript, pp. 69, 74 (victim's testimony), 11/18/03.

sexual misconduct. Specifically, Pursell alleges that testimony from his 16-year-old

niece about his attempt to French kiss her six years earlier was not a crime and was not

proper evidence at trial under Louisiana evidentiary rules. He argues that the alleged kiss

was never reported to police or child protection authorities and was not admissible under

La. Code Evid. art. 412.2(A) and La. Code Evid. art. 403.

At the time of Pursell's trial, La. Code Evid. art. 412.2(A) provided for

presentation of evidence of prior sex acts as follows:[43]

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another sexual offense may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

The balancing test found in La. Code Evid. art. 403 provides that "[a]lthough

relevant, evidence may be excluded if its probative value is substantially outweighed by

the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, or waste of time."

---

[43]Pursell erroneously quotes the statute in his pleadings as it appeared after the amendment in 2004 by Acts 2004, No. 465, § 1. The amendment added specific language regarding acts related to a lustful disposition toward children. After the 2004 amendment, Article 412.2 read as follows:
> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

The record reflects that Pursell's counsel challenged the admissibility of his niece's testimony before trial.[44] At a pre-trial hearing outside the jury's presence, the state trial court heard the testimony of his niece about the kiss she received at the age of 10 from her uncle six years earlier. Relying on state law, the trial court determined that the evidence was not outside the reasonable scope of time to be probative and relevant. The court noted the similarity in the ages of the victims and Pursell's admonition to the child not to report the incident. Counsel noted his objection to the ruling, and the niece testified about the incident at trial. Pursell first raised this claim in his state application for post-conviction relief, which was dismissed by the Louisiana First Circuit. The Louisiana Supreme Court subsequently denied the related writ application without further comment.

Habeas corpus review is limited to questions of constitutional dimension, and federal courts generally do not review the admissibility of evidence under state law. Jernigan v. Collins, 980 F.2d 292, 298 (5th Cir. 1992). The states are free to implement procedures regarding the admission of evidence, provided those procedures do not infringe on a constitutional guarantee. Burgett v. Texas, 389 U.S. 109 (1967).

Therefore, federal courts do not sit to review the propriety of state court evidentiary rulings, unless the proceedings violate due process such that the violation

_____

[44]St. Rec. Vol. 2 of 4, Trial Transcript, p. 2, 11/18/03.

renders the criminal proceeding fundamentally unfair. <u>Lisenba v. People of the State of California</u>, 314 U.S. 219, 236-37 (1941); <u>Peters v. Whitley</u>, 942 F.2d 937, 940 (5th Cir. 1991) (Habeas review is proper only to determine whether a state trial judge's error is so extreme as to render the trial fundamentally unfair or violate an explicit constitutional right.) In keeping with this principle, the United States Court of Appeals for the Fifth Circuit has stated that the admission of prejudicial evidence is fundamentally unfair so as to justify federal habeas corpus relief only if it is "material in the sense of a crucial, critical, highly significant factor." <u>Hills v. Henderson</u>, 529 F.2d 397, 401 (5th Cir. 1976) (quotation omitted); <u>Porter v. Estelle</u>, 709 F.2d 944, 957 (5th Cir. 1983).

This issue presents a mixed question of law and fact. <u>Dickson v. Sullivan</u>, 849 F.2d 403, 405-06 (9th Cir. 1988). Under the applicable standard of review, this court therefore must determine if the state court's decision is contrary to or involved an unreasonable application of Supreme Court precedent prohibiting an unfair trial.

In the instant case, Pursell has failed to establish that the state trial court erred at all in admitting the evidence. He has not shown an error by the state trial court which would trigger review under the due process standards set forth above. <u>Robinson v. Whitley</u>, 2 F.3d 562, 567 (5th Cir. 1993) (where there is no showing of error by a trial court, there can be fundamental unfairness); <u>Neal v. Cain</u>, 141 F.3d 207, 214 (5th Cir. 1998). The evidence was appropriately admitted under La. Code Ev. 412.2(A), which has no time limits on the age of the prior acts. <u>See</u> <u>State v. Willis</u>, 915 So.2d 365, 388

(La. App. 3rd Cir. 2005), <u>writ denied</u>, 930 So.2d 973 (La.), <u>cert. denied</u>, 549 U.S. 1052 (2006) ("the fact that the prior sex offenses occurred many years before trial is not significant as the legislature did not set forth a time limitation in Article 412.2.")

As determined by the state trial court before trial, the evidence was relevant to Pursell's sexual interests. Both of Pursell's victims were his relatives left alone under his charge. Both were approximately the same age, 10 and 9. Both were apparently told not to report the incident.

The Louisiana Supreme Court has held that La. Code Evid. art. 412.2 was enacted to lower the obstacles to admission of "propensity evidence" in sexual assault cases, especially those involving children. <u>State v. Williams</u>, 830 So.2d 984, 986-987 (La. 2002). In <u>State v. Williams</u>, the Louisiana Supreme Court explained the legislative history and purpose behind the enactment of La. Code Evid. art. 412.2. <u>Id</u>. In doing so, the court likened it to Fed. R. Evid. 413,[45] except to note that the federal rule declared such evidence "is admissible" and the state rule declares that it "may be admissible." <u>Id</u>.

Both rules are subject to the balancing test between probative value and prejudicial effect. <u>United States v. Mound</u>, 149 F.3d 799, 802 (8th Cir. 1998) (Fed. R. Evid. 413); <u>State v. Olivieri</u>, 860 So.2d 207, 217 (La. App. 5th Cir. 2003) (La. Code Evid. 412.2).

---

[45]Fed. R. Evid. 413(a) provides as follows: "In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant."

Like the Louisiana courts with Article 412.2, the federal courts have noted that "Rule 413 is based on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes, and often justifies the risk of unfair prejudice." United States v. Enjady, 134 F.2d 1427, 1430-31 (10th Cir. 1998).

Furthermore, there is no inherent error in admitting evidence under Rule 413 that would be inadmissible under Rule 404(b). United States v. Mound, 149 F.3d at 802. "Rule 403 is concerned only with 'unfair prejudice, that is, an undue tendency to suggest decision on an improper basis.'" United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001) (quoting United States v. Yellow, 18 F.3d 1438, 1442 (8th Cir. 1994)).

In this case, the probative value of providing information about prior indecent sexual acts with children far outweighed the prejudicial nature of the testimony regarding the niece's encounter with her uncle. The evidence was not presented in a confusing manner. The niece testified that she was rarely if ever around her younger cousin and never discussed with him the sexual acts by her uncle.[46] The testimony was clear that the incident occurred six years before trial, and it was not made part of the underlying accusations. Significantly, the state trial court also gave an instruction to the jury at the close of trial regarding the limited use of the other crimes evidence presented at trial.[47]

---

[46]St. Rec. Vol. 2 of 4, Trial Transcript, pp. 90-91 (niece's testimony), 11/18/03.

[47]St. Rec. Vol. 2 of 4, Trial Transcript, p. 123, 11/18/03.

Furthermore, there is no indication that the niece's testimony misled the jury into an improper verdict. The other evidence presented at trial was more than sufficient to convict Pursell under the <u>Jackson</u> standard, apart from the niece's testimony.

Pursell has not demonstrated in the instant case that his niece's testimony constituted inadmissable evidence which could have rendered his trial unfair. Because he has not demonstrated an error in the admission of the evidence, he "has no basis for any alleged due process violation" or for a denial of a fundamentally fair trial. <u>Robinson</u>, 2 F.3d at 567; <u>Neal v. Cain</u>, 141 F.3d at 214. Even if he had, the evidence was not so prejudicial as to violate due process.

The denial of relief on this claim was not contrary to, or an unreasonable application of, Supreme Court precedent. Pursell's claim is without merit.

## VII.    INEFFECTIVE ASSISTANCE OF COUNSEL (CLAIMS 1 AND 3)

Pursell alleges that his counsel gave ineffective assistance when he failed to pursue a defense based on mental retardation and when he failed to object to the niece's testimony about events occuring six years before trial. Pursell claims that counsel should have investigated his mental retardation, evidenced by a low IQ and learning disabilities. He also claims that his mental retardation affected his ability to communicate with people and rendered his inculpatory statement involuntary. Pursell first raised these ineffective assistance of counsel claims in his application for post-conviction relief, which was

dismissed by the Louisiana First Circuit. The Louisiana Supreme Court subsequently denied the related writ application without further comment.

The issue of ineffective assistance of counsel is a mixed question of law and fact. Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994). Thus, the question before this court is whether the state courts' denial of relief was contrary to, or an unreasonable application of, United States Supreme Court precedent.

The standard for judging the performance of counsel was established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel in which the petitioner must prove deficient performance and resulting prejudice. Strickland, 466 U.S. at 697. The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. Kimler, 167 F.3d at 893. A habeas corpus petitioner "need not show that 'counsel's deficient conduct

more likely than not altered the outcome in the case.'  It is not enough, however, under

Strickland 'that the errors had some conceivable effect on the outcome of the

proceeding.'"  Motley, 18 F.3d at 1226 (quoting Strickland, 466 U.S. at 693).

On federal habeas review, scrutiny of counsel's performance "must be highly

deferential," and the court will "indulge a strong presumption that strategic or tactical

decisions made after an adequate investigation fall within the wide range of objectively

reasonable professional assistance."  Moore v. Johnson, 194 F.3d 586, 591 (5th Cir.

1999) (citing Strickland, 466 U.S. at 689-90).  In assessing counsel's performance, a

federal habeas court must make every effort to eliminate the distorting effects of

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to

evaluate the conduct from counsel's perspective at the time of trial.  Strickland, 466 U.S.

at 689; Neal, 286 F.3d at 236-37; Clark v. Johnson, 227 F.3d 273, 282-83 (5th Cir. 2000),

cert. denied, 531 U.S. 1167 (2001).  "A court must indulge a 'strong presumption' that

counsel's conduct falls within the wide range of reasonable professional assistance

because it is all too easy to conclude that a particular act or omission of counsel was

unreasonable in the harsh light of hindsight."  Bell, 535 U.S. at 697 (citing Strickland,

466 U.S. at 689).

This court must apply the "strong presumption" that counsel's strategy and

defense tactics fall "within the wide range of reasonable professional assistance."

Strickland, 466 U.S. at 690.  Federal courts have consistently recognized that tactical

decisions when supported by the circumstances are objectively reasonable and do not amount to unconstitutionally deficient performance. Lamb v. Johnson, 179 F.3d 352, 358 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999) (citing Rector v. Johnson, 120 F.3d 551, 564 (5th Cir. 1997) and Mann v. Scott, 41 F.3d 968, 983-84 (5th Cir. 1994)). Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. Strickland, 466 U.S. at 689; Moore, 194 F.3d at 591. The burden is on petitioner to demonstrate that counsel's strategy was constitutionally deficient. Id.

First, Pursell alleges that his counsel gave ineffective assistance when he failed to object to the admissibility of his niece's testimony. As discussed above, Pursell has failed to demonstrate that his niece's testimony was improperly admitted or that its admission violated due process. In addition, his counsel did in fact object to its admission both before and after the pre-trial admissibility hearing held by the state trial court.

The state trial court ruled prior to trial that the testimony was admissible. There was no legal basis for counsel to lodge any other objection. Counsel was not deficient in his failure to urge meritless and cumulative objections to the testimony. See Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998), cert. denied, 525 U.S. 1174 (1999) (failure to make a frivolous objection is not deficient performance below an objective level of reasonableness).

Second, Pursell argues that his counsel was deficient in failing to investigate and raise a mental retardation defense, especially in light of the fact that he made an inculpatory statement during his pre-arrest interview. I note that Pursell did not make an inculpatory statement regarding the allegations about the charges related to his nephew. On the contrary, he told Detective Wanda Jarvis that he did not do anything to this child. In fact, the detective testified that Pursell did not admit to committing this offense. There was no inculpatory statement for counsel to challenge or which should have prompted counsel to investigate its voluntariness.

Pursell's alleged diminished mental or learning capacity provided no defense to his guilt under Louisiana law.[48] See State v. Pitre, 901 So.2d 428, 444 (La. App. 1st Cir. 2004). "A mental disease or defect short of insanity cannot serve to negate an element of the crime. For that reason, such evidence is not relevant to the issue of a defendant's guilt or innocence. Moreover, evidence of a mental disease or defect affecting defendant at the time of an offense is inadmissible, whether it is an organically caused mental condition or a psychologically or emotionally induced mental condition." (citations and footnote omitted) Id., at 444. Thus, Louisiana law would not allow counsel to raise a defense to guilt based on any mental disability or retardation. Counsel would not have

---

[48]See State's Opposition Memorandum, Rec. Doc. No. 11-2, p. 8.

been deficient in his performance for failing to address or pursue a meritless defense. Green v. Johnson, 160 F.3d at 1037.

Instead, the effects of a defendant's mental state is governed by La. Rev. Stat. § 14:14 and if proven, acts as an exemption:

> If the circumstances indicate that because of a mental disease or mental defect the offender was incapable of distinguishing between right and wrong with reference to the conduct in question, the offender shall be exempt from criminal responsibility.

It is a violation of due process to try and convict a defendant who lacks mental competence. Cooper v. Oklahoma, 517 U.S. 348 (1996); Pate v. Robinson, 383 U.S. 375 (1966); Carter v. Johnson, 131 F.3d 452 (5th Cir. 1997). The constitutional standard for competency is whether a defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960). A defendant is denied a fair trial where the evidence and circumstances should raise a reasonable doubt about his competence and the court, or in this case his counsel, fails to make further inquiry. See Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir. 1980).

In this case, Pursell does not allege that he was incompetent to stand trial in the manner set forth in La. Rev. Stat. § 14:14. Drope v. Missouri, 420 U.S. 162, 172 (1975). He makes no argument and provides no proof that he did not understand the proceedings

against him.   Pursell, instead, seeks to defend his actions against this victim and his niece by pointing to unsupported allegations of prior learning disabilities and diminished social skills as causes for his indecent actions.  As noted above, Louisiana does not recognize a defense to guilt based simply on mental infirmities, short of mental incompetence.

Thus, even if counsel investigated the defense, evidence to show diminished capacity of the sort alleged would not have been admissible.  The failure to urge such a defense at trial was not constitutionally ineffective assistance of counsel, nor has Pursell made a showing that he was prejudiced by counsel's representation.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Charles S. Pursell for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[49]

New Orleans, Louisiana, this ___11th___ day of February, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[49]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.